**A. F. DREYER, Appellant,**

v.

**Gilmore GREENE, a/k/a Thaddeus Green a/k/a Thaddeus Gilmore Greene, Alleged Bankrupt, et al., Appellees.**

**No. 17572.**

United States Court of Appeals
Fifth Circuit.

May 5, 1959.

David J. Bauer, Maurice M. Diliberto, Bauer & Diliberto, Miami, Fla., for appellant.

Thomas B. Duff, Victor Lehman, Miami, Fla., for appellees.

Before TUTTLE, CAMERON and WISDOM, Circuit Judges.

PER CURIAM.

This appeal from an order of the District Court affirming an order of the referee in bankruptcy dismissing an involuntary petition in bankruptcy must be affirmed.

Appellant here complains that the referee dismissed the petition erroneously because the only evidence as to solvency of the alleged bankrupt was improperly admitted, and, even if admissible, was not sufficient to establish solvency under bankruptcy standards. We agree that no competent evidence was introduced touching upon the solvency of

Greene, since the bookkeeper testified without having the records before the court, and testified only as to book values and not as to "fair valuations." [1]  See Langham, Langston & Burnett v. Blanchard, 5 Cir., 246 F.2d 529.

The weakness of appellant's case, however, is that the referee based his dismissal on the further ground "that Petitioner has failed to substantiate the allegations set forth in his petition." These allegations charged several acts of bankruptcy. Except as to solvency, under the first act, the burden of proving these charges was on the plaintiff. The record before us is silent as to several of the essential ingredients in each of the alleged acts of bankruptcy. We cannot say, therefore, that the referee erred in dismissing the petition or that the district court erred in affirming that order.

The judgment is affirmed.

---

1. "A person shall be deemed insolvent within the provisions of this Act whenever the aggregate of his property * * shall not at a fair valuation be sufficient in amount to pay his debts." *11 U.S.C.A.* § 1(19).